United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FORTINET INC., et al.,

Plaintiffs,

v.

HUB CYBER SECURITY LTD.,

Defendant.

Case No. 25-cv-09415-VKD

**INTERIM ORDER RE PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY THE CLERK OF THE COURT**

Re: Dkt. No. 31

Plaintiffs Fortinet International, Inc. ("Fortinet International") and Fortinet Inc. ("Fortinet") filed this breach of contract action against defendant HUB Cyber Security Ltd. ("HUB"). Dkt. No. 1. Defendant has not appeared in the action. Plaintiffs filed a request for entry of default judgment by the Clerk pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. Dkt. No. 31.

For the reasons explained below, the Court construes plaintiffs' request as a motion for default judgment by the Court pursuant to Rule 55(b)(2). The Court affords plaintiffs the opportunity to submit supplemental briefing in support of their motion for default judgment. If plaintiffs fail to submit supplemental briefing, the Court will issue an order reassigning the case to a district judge with a recommendation that plaintiffs' motion for default judgment be denied without prejudice.

## I. BACKGROUND

According to the complaint, on December 28, 2015, Fortinet International entered into a business relationship with HUB's subsidiary Comsec Distribution Ltd. ("Comsec"). Dkt. No. 1 ¶¶ 7, 8. Fortinet International agreed to provide certain content security products and services, and

Comsec agreed to market and distribute the products and services in a specific territory. *Id.* ¶ 15. In 2019, Fortinet replaced Fortinet International as the contracting party with respect to at least some aspects of the agreement with Comsec. *Id.* ¶ 26. In February 2023, HUB entered into a guaranty agreement with Fortinet, pursuant to which HUB guaranteed payment of the full amount of the invoices, plus interest, that Fortinet issued to Comsec and that Comsec failed to pay. *Id.* ¶¶ 31, 42. Fortinet alleges that Comsec has failed to pay hundreds of invoices that came due from February 2023 to May 2023 and owes $3,031,315.28, plus interest, attorneys' fees and costs, to Fortinet. *Id.* ¶ 40; *see also id.* ¶¶ 43-426. Fortinet alleges that HUB also has failed to pay any of the unpaid invoices as guarantor. *Id.* ¶ 432.

Plaintiffs filed this suit on October 31, 2025, asserting four claims against HUB: (1) breach of contract, (2) account stated, (3) unjust enrichment, and (4) open book account. *Id.* ¶¶ 428-449. Plaintiffs seek damages in the amount of $3,031,315.28, pre- and post-judgment interest, attorneys' fees and costs, and costs of suit. *Id.* at 34-35.

Plaintiffs represent that they served the complaint and summons on HUB on February 19, 2026. Dkt. No. 20. On June 11, 2026, the Clerk entered default against HUB. Dkt. No. 29. On June 12, 2026, the Court issued an order setting July 13, 2026 as the deadline for plaintiffs' motion for default judgment. Dkt. No. 30. In that order, the Court advised plaintiffs that "[s]uch a motion must address, among other things, (1) the Court's basis for exercising subject matter jurisdiction over the action and personal jurisdiction over the defendant, including service of process; and (2) the factors governing the appropriateness of default judgment established by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)." *Id.*

On July 13, 2026, plaintiffs filed a request for entry of default judgment by the Clerk pursuant to Rule 55(b)(1) seeking (1) $3,031,315.28 in damages, (2) $1,809,375.98 in interest, and (3) $3,405 for bill of costs. Dkt. No. 31. Plaintiffs contend that because they seek "a sum certain due and owing to plaintiffs," Rule 55(b)(1) applies and the Clerk may enter judgment. *Id.*

## II. DISCUSSION

### A. Sum Certain

Plaintiffs bring their request pursuant to Rule 55(b)(1) of the Federal Rules of Civil

Procedure, which provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the [C]lerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "[T]he cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning." *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004) (quoting *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 n.7 (1st Cir. 2003)); *see also* Emery G. Lee III & Jason A. Cantone, Fed. Jud. Ctr., Default and Default Judgment Practices in the District Courts 6-7 (March 2024), https://www.fjc.gov/sites/default/files/materials/26/FJC_report_Rule_55_February_2024.pdf (noting that "[c]ase law applying Rule 55(b)(1) is scarce" and "in many districts, the clerk's office rarely, if ever, enters default judgments without the assigned judge's approval, even when the district does not have a local rule or policy against the clerk's office doing so").

The Ninth Circuit has held that a claim is for a sum certain where "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding*, 375 F.3d at 929; *see also* Karen L. Stevenson & James E. Fitzgerald, Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial (Calif. and 9th Cir. Edition) Ch. 6-D at 6:54 (Apr. 2026 update) (noting that the "sum certain" requirement is "a high standard"). A plaintiff's request meets the criteria for a sum certain, for example, where the plaintiff provides "loan documents that set forth the specific formulas for determining the amount owed" and "provide[s] documents setting forth the various amounts necessary for calculating the total amount due." *Franchise Holding*, 375 F.3d at 929. On the other hand, inconsistencies in a plaintiff's filings may create doubt sufficient to conclude that the request is not for a sum certain. *See id.* Similarly, claims that involve a party's estimation of damages or a contract that lacks an express formula to calculate damages are not for a sum certain. *VFS Leasing Co. v. USASIA Casino Tours/Ent., Inc.*, No. 14-cv-02941-SC, 2015 WL 82716, at *2 (N.D. Cal. Jan. 6, 2015).

Here, it is not clear that plaintiffs' claim is not for a sum certain. In a supporting declaration, plaintiffs' representative states that plaintiffs are entitled to prejudgment interest in the

amount of $1,809,375.98 because "[t]he interest was established at the rate of 1.5% per month, or 18% per annum, which is the standard rate that Fortinet provides for all of its unpaid invoices and which Comsec and HUB agreed to . . . ." Dkt. No. 31-1 ¶ 5. However, the interest rate provision in the International Distributor Agreement between Fortinet and Comsec states, "Distributor shall pay interest on all amounts not paid when due at the rate of one and one half percent (1.5%) per month *or the highest rate permitted by law, whichever is lower*." *Id.* ¶ 3, Ex. B ¶ 9.3 (emphasis added). Plaintiffs apply the 1.5% per month interest rate (which is the equivalent of 18% per annum), but their motion does not address the qualification that the interest rate provision contains—i.e., whether "the highest rate permitted by law" is *lower* than the 18% per annum rate plaintiffs have applied. The agreement at issue is governed by California law. *See id.* ¶ 3, Ex. B ¶ 16.2. The Court questions whether, in these circumstances, California Civil Code § 3289(b) supplies the correct interest rate. *See Kunai, Inc. v. Allio Fintech Corp.*, No. 24-cv-01047-LJC, 2024 WL 5048509, at *6 (N.D. Cal. Sept. 19, 2024) (applying 10% per annum rate pursuant to Cal. Civ. Code § 3289(b) where agreement provided that any overdue payments "will bear compound interest at the rate of the lower of (a) one and one-half percent per month; or (b) the highest rate permitted by applicable law"), *report and recommendation adopted*, No. 24-cv-01047-TLT, 2024 WL 5058030 (N.D. Cal. Oct. 7, 2024).

Because plaintiffs have not established that their request for default judgment under Rule 55(b)(1) is for a "sum certain," the Court construes plaintiffs' request as a motion for default judgment under Rule 55(b)(2). *See VFS Leasing*, 2015 WL 82716, at *3 (analyzing Rule 55(b)(1) motion for default judgment under Rule 55(b)(2) because plaintiff's claim was not for a sum certain).

### B. Jurisdiction

When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has the affirmative duty to determine whether it has jurisdiction over the subject matter and the parties.[1] *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Plaintiffs' pending

[1] Courts within the Ninth Circuit have analyzed whether the court has jurisdiction over the subject matter and the parties where a plaintiff files a motion for default judgment by the Clerk pursuant

motion for default judgment does not address the Court's basis for exercising subject matter jurisdiction over the action and personal jurisdiction over the defendant, and the factual allegations in the complaint, even if taken as true, are insufficient.

First, while plaintiffs invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, *see* Dkt. No. 1 ¶ 12, plaintiffs do not affirmatively allege the citizenship of each party. *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). The complaint alleges that "Fortinet is a Delaware corporation, Fortinet International is a Cayman Islands corporation, and HUB is an Israeli corporation." Dkt. No. 1 ¶ 12. However, for purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiffs have not identified the principal place of business for any party. In addition, plaintiffs have not complied with the requirement to file a disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and Civil Local Rule 3-15. *See* Fed. R. Civ. P. 7.1(a)(2); Civil L.R. 3-15(b)(3).

Second, the complaint alleges that the Court may exercise personal jurisdiction over HUB, a foreign defendant, because HUB operates throughout the United States and is a publicly traded company. Dkt. No. 1 ¶ 9. General allegations that a defendant operates throughout the country and is a publicly traded company are insufficient to establish personal jurisdiction over the defendant. *See Columbia Cas. Co. v. SMI Liquidating*, No. 10-cv-02057-CRB, 2010 WL 3037242, at *3 (N.D. Cal. July 30, 2010) (allegations that defendants' products "were used throughout the country" with "no supporting facts or detail" were insufficient to establish personal jurisdiction over defendants); *Baglama v. MWV Consumer & Off. Prods.*, No. 12-cv-1209-

---

to Rule 55(b)(1). *See, e.g.*, *VFS Leasing*, 2015 WL 82716, at *2; *Johnson v. Beard*, No. 15-cv-1313-DJC-KJN P, 2023 WL 8261590, at *2 (E.D. Cal. Nov. 29, 2023), *report and recommendation adopted*, No. 15-cv-1313-DJC-KJNP, 2024 WL 1344849 (E.D. Cal. Mar. 29, 2024); *Allstream Bus. US, LLC v. Carrier Network Sols., LLC*, No. 20-cv-01970-IM, 2021 WL 3488086, at *3 (D. Or. Aug. 9, 2021).

FMOJPRX, 2013 WL 12200647, at *5 (C.D. Cal. Aug. 19, 2013) (broad assertions that defendants conducted business within the district and that one defendant is a publicly traded corporation did not establish that defendants were subject to the court's personal jurisdiction).

The complaint further alleges that the Court has personal jurisdiction over HUB because the guaranty is governed by the laws of California; at least one of the parties to the guaranty was in California; and HUB agreed to perform by paying Fortinet which is headquartered in California. Dkt. No. 1 ¶¶ 10-11. The choice-of-law provision relied on by plaintiffs cannot, without more, establish personal jurisdiction over HUB. *See Thayer v. Sawyer*, No. 24-cv-01749-BLF, 2025 WL 489364, at *3 (N.D. Cal. Feb. 12, 2025) (noting that while a forum selection clause may evidence consent to personal jurisdiction in that forum, a choice-of-law provision is not dispositive of whether a court can exercise personal jurisdiction over a defendant); *Lazar v. Charles Schwab & Co.*, No. 12-cv-02141-BROANX, 2014 WL 12680663, at *6 (C.D. Cal. July 3, 2014) ("[T]he question of whether a dispute . . . must be decided under California law is separate from the question of whether this Court has personal jurisdiction over [defendant]."). HUB's contract with Fortinet, which plaintiffs allege is headquartered in California, is also insufficient to create personal jurisdiction over HUB in California. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("[W]e are guided by the Supreme Court's admonition that the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction.").

Accordingly, plaintiffs have not established the basis for the Court's exercise of subject matter jurisdiction over this action or personal jurisdiction over HUB, a foreign defendant. Plaintiffs' supplemental briefing should address these issues.

### C. Arbitration Clause

The International Distributor Agreement includes the following arbitration clause:

> Settlement of Controversies. Any controversies or claims arising from or relating to this Agreement, or the breach thereof, which

> cannot be amicably settled by and between the parties, shall be referred to and finally settled by the rules of International Chamber of Commerce, Incoterms. The place of arbitration shall be in Santa Clara, California, United States of America. Award for such dispute will be rendered by a single, neutral, mutually agreeable arbitrator. If any action or proceeding is commenced to enforce this Agreement or any right arising in connection with this Agreement, the prevailing party in such action or proceeding shall be entitled to recover from the other party the reasonable attorneys fees, costs and expenses incurred by such prevailing party in connection with such action or proceeding.

Dkt. No. 31-1 ¶ 3, Ex. B ¶ 16.3.

Plaintiffs do not address whether the arbitration clause applies to plaintiffs' claims in this action and, if it does, whether default judgment is nevertheless appropriate. Plaintiffs' supplemental briefing should address this issue.

**D. *Eitel factors***

As noted above, the complaint asserts four different claims for relief against HUB: (1) breach of contract, (2) account stated, (3) unjust enrichment, and (4) open book account. Dkt. No. 1 ¶¶ 428-449. Plaintiffs' motion does not indicate whether plaintiffs seek default judgment as to all claims, or only some of them.

Plaintiffs' supplemental briefing must state for which claims plaintiffs seek default judgment and must include an analysis of the factors governing the appropriateness of default judgment established by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. CONCLUSION

Plaintiffs' supplemental briefing addressing the issues identified in this order must be filed by **August 7, 2026**. If plaintiffs fail to submit supplemental briefing that addresses these issues, the Court will issue an order reassigning the case to a district judge with a recommendation that plaintiffs' motion for default judgment be denied without prejudice.

//

//

//

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: July 17, 2026

Virginia K. DeMarchi
United States Magistrate Judge